## REILLY v. DELMORE CORPORATION.
### (No. 10376.)

Court of Civil Appeals of Texas. Dallas.
Nov. 10, 1928.

Rehearing Denied Dec. 8, 1928.

Wm. R. Watkins, of Fort Worth, for appellant.

Barney Cantrell, of Dallas, for appellee.

LOONEY, J. Appellant, a judgment creditor of A. M. Delcambre, caused appellee to be served with a writ of garnishment to answer as to its indebtedness, etc., to Delcambre. Before return day, garnishee transmitted its answer by mail to the clerk of court, who, it seems, by mistake placed it among the papers of the parent case. The answer of the garnishee not being among the papers of the garnishment suit was not called to the attention of court; hence, at the instance of appellant, judgment by default was rendered against appellee. This fact was not ascertained by it until too late to move for a new trial; consequently, this suit, in the nature of a bill of review, was instituted to vacate the judgment. On application of appellee, the court granted a temporary injunction, restraining appellant from collecting or attempting to collect the judgment during the pendency of the suit. This appeal is prosecuted from an order of court refusing to dissolve the temporary writ.

The grounds for review are, in substance, that the judgment by default was unauthorized, in that garnishee had on file an answer that entitled it to be discharged; that the judgment resulted from an accident or mistake wholly unmixed with any fault or negligence on its part; that it has a valid defense, and there exists good grounds for believing that a different result will be attained by a new trial.

Appellant contended below, and contends here, that appellee negligently failed to answer the writ of garnishment in the manner required by law, in that it answered in the wrong case, which fact alone resulted in the rendition of the judgment; that the answer is in several particulars insufficient in law, and if presented to the court, the same result would have been reached; and, further, that the remedy of appellee, under the facts and circumstances of the case, was an appeal by writ of error, and not by bill of review.

This condensed statement is deemed sufficient for present purposes.

The only question presented, and the only one adjudicated, is: Did the trial court abuse its discretion in refusing to dissolve the temporary writ? The rule is axiomatic that the action of a trial court, on a motion to dissolve a temporary writ, will not be disturbed by an appellate court, in the absence of an abuse of discretion, and as we fail to find such exists in the instant case, the order of the trial court, refusing to dissolve the writ, is affirmed.

Affirmed.

### On Appellant's Motion for Rehearing.

Appellant's motion for rehearing contains the following, among other allegations:

"The court's opinion misstates, what we consider to be an essential fact. It is said, 'before return day garnishee transmitted its answer by mail to the clerk of the court, who it seems, by mistake, placed it among the papers of the parent case.'"

This criticism follows:

"There is not a word in the record as to the mailing of the purported answer. There is not a word in the record to substantiate the statement that the clerk made a mistake."

Appellant is in error; the conclusions of the court are fully sustained by the evidence. M. L. Moore, secretary-treasurer of garnishee, upon whom the writ was served and who made answer for garnishee, testified as follows:

"After I signed and swore to the answer, I mailed it to the district clerk."

This testimony is undisputed. The answer was sworn to by Moore on November 26, 1927, was filed by the clerk on November 28, 1927, and, at the time judgment by default was taken, was not among the papers of the garnishment suit proper, but was found in the file of the parent case. The contents of the answer revealed what it was and where it belonged, and the mistake of placing it in the wrong file could have been committed by no one other than the clerk or one of his deputies.

After a careful re-examination of the facts, the court adheres to the conclusion stated in the original opinion, and, finding no reason to disturb the decision heretofore rendered, appellant's motion for rehearing is overruled.

Overruled.